Calvin ROSEN, Plaintiff-Appellant,

v.

Harry N. WALTERS,* Director of the Veterans Administration, and the Veterans Administration, Defendants-Appellees.

No. 82–5635.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1983.

Decided Nov. 7, 1983.

Peter R. Osinoff, Asst. U.S. Atty., Los Angeles, Cal., for defendants-appellees.

Elyse S. Kline, Los Angeles, Cal., for plaintiff-appellant.

Before CHAMBERS, GOODWIN, and ANDERSON, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

Rosen was denied service-related disability benefits by the Veterans Administration (VA). He brought this action seeking a declaration that 38 U.S.C. § 211(a), which precludes review of VA disability benefits decisions, is unconstitutional, and that he is entitled to damages under the Privacy Act of 1974, 5 U.S.C. § 552a. The district court dismissed the action with prejudice. We affirm.

I. BACKGROUND

Rosen served in the United States Army at the end of and just after World War II. Around 1970, he was diagnosed as having coronary disease, which he claims is related to a war-time illness. He applied for and was denied veterans benefits two times in the early 1970's and his last application was

* Pursuant to Fed.R.App.P. 43(c)(1), Harry Walters, current Director of the Veterans Administration, is substituted for Donald Custis, former Acting Director.

ultimately denied by the Board of Veterans Appeals on June 16, 1980. Rosen alleges that documents pertaining to his illness while in the service were improperly destroyed by the VA or some related agency, making it impossible for him to prove his heart illness is service-related.

Rosen brought this action in June of 1981. He seeks relief under the Privacy Act, 5 U.S.C. § 552a(g)(1)(C), for the improper destruction of his medical records which, he argues, resulted in the adverse VA disability decision. He also seeks a declaratory judgment that 38 U.S.C. § 211(a)'s preclusion of judicial review is unconstitutional.

The VA moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on the basis the district court lacked jurisdiction and Rosen failed to state a claim. The district court granted the motion and dismissed both claims with prejudice.

## II. ANALYSIS

### A. Constitutionality of 38 U.S.C. § 211(a)

The pertinent portion of 38 U.S.C. § 211(a) provides:

the decisions of the Administrator on any decision of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Rosen claims that § 211(a)'s preclusion of judicial review is unconstitutional because without judicial review the VA may arbitrarily and capriciously deny benefits, thereby violating the claimant's due process rights. The Supreme Court and this circuit, however, have already decided this issue to Rosen's detriment.

In *Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), "the Supreme Court recognized the constitutionality of 38 U.S.C. § 211(a)." *Moore v. Johnson,* 582 F.2d 1228, 1232 (9th Cir.1978). In so doing, the Court narrowly construed the

scope of § 211(a)'s preclusion of judicial review into Veterans Administration affairs by holding it covers only review of decisions of law or fact concerning the administration of benefits legislation; it does not preclude constitutional attacks on legislation governing the provision of VA benefits. *Johnson v. Robison,* 415 U.S. at 367, 94 S.Ct. at 1165, 39 L.Ed.2d at 398; *Moore v. Johnson,* 582 F.2d at 1232; *see Devine v. Cleland,* 616 F.2d 1080, 1084 (9th Cir.1980); *Evergreen State College v. Cleland,* 621 F.2d 1002, 1007–08 (9th Cir.1980).

We have examined the "substance" of Rosen's claim to determine whether it falls within the prohibition of § 211(a). *Moore v. Johnson,* 582 F.2d at 1232; *Devine v. Cleland,* 616 F.2d at 1084. We think it is quite clear that Rosen's concern is with the failure to award him benefits on the facts of his disability claim. As such, his cause of action is precluded by § 211(a). To the extent Rosen claims it is unconstitutional for Congress to preclude even limited judicial review of VA benefits decisions, that issue has already been decided. It was determined implicitly in *Johnson v. Robison,* and expressly by this circuit in *Moore v. Johnson. See also Ross v. United States,* 462 F.2d 618, 619 (9th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 326, 34 L.Ed.2d 249 (1972); *Anderson v. Veterans Administration,* 559 F.2d 935, 936 (5th Cir.1977); *De Rodulfa v. United States,* 461 F.2d 1240 at 1256–58 (D.C.Cir.), *cert. denied,* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972).

Rosen's equal protection claim is without merit and fails for similar reasons. We conclude the district court properly dismissed Rosen's claim that § 211(a) is unconstitutional.

### B. Privacy Act Claim

The district court also dismissed Rosen's Privacy Act count. Rosen sought relief under the provision of the Privacy Act which gives district courts civil jurisdiction to hear actions whenever any agency

fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is

necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual ....

5 U.S.C. § 552a(g)(1)(C). If the court finds the agency acted intentionally or willfully, actual damages may be recovered from the United States as well as costs and attorney fees. 5 U.S.C. § 552a(g)(4).

Rosen states the VA or some other agency deliberately destroyed medical records pertinent to his disability claim, thereby precluding him from presenting the VA with all the evidence in his favor. Those missing records, he argues, would have shown his entitlement to service-related disability benefits.

The district court dismissed for failure to state a claim because it believed Rosen's count would necessarily require the type of review barred by 38 U.S.C. § 211(a). We agree.

■ As a preliminary matter, we note that Rosen's complaint, while somewhat vague and conclusory, is otherwise adequate to support his § 552a(g)(1)(C) claim. Our review is guided by the rule that on a motion to dismiss a complaint is liberally construed in the plaintiff's favor, generally taking as true all facts as alleged. *Ernest W. Hahn, Inc. v. Codding,* 615 F.2d 830, 834–35 (9th Cir.1980).

Viewed in this light, we find Rosen's complaint cannot be attacked on the basis of failing to meet the two-year statute of limitations provided in the Privacy Act, 5 U.S.C. § 552a(g)(5). The claim also sufficiently alleges that the records were intentionally destroyed and that the lack of those records resulted in an unfair and adverse agency determination on Rosen's qualification for benefits. *See Wren v. Harris,* 675 F.2d 1144, 1148 (10th Cir.1982); *Borrell v. U.S. International Communications Agency,* 682 F.2d 981, 992–93 (D.C.Cir.1982); *Lyon v. United States,* 94 F.R.D. 69, 72 (W.D.Okl. 1982).

■ The difficulty with Rosen's claim is it would require precisely, although indirectly, the type of judicial review over Veterans Administration decisions that is precluded by 38 U.S.C. § 211(a).

The language of § 211(a) is quite broad. Courts lack "power or jurisdiction to review any such decision [regarding the award of veterans' benefits] by an action in the nature of mandamus or otherwise." The Supreme Court has identified two primary purposes served by the enactment of § 211(a): (1) it insures that the courts and the VA will not be burdened by litigation over veterans' benefits claims; and (2) it insures uniformity in the technical determinations and application of benefits legislation and VA policy. *Johnson v. Robison,* 415 U.S. at 370, 94 S.Ct. at 1167, 39 L.Ed.2d at 399. These purposes permitted the Court in *Johnson* to limit § 211(a)'s preclusion of review to only "those decisions of law or fact that arise in the *administration* by the Veterans Administration of a *statute* providing benefits for veterans." 415 U.S. at 367, 94 S.Ct. at 1166, 39 L.Ed.2d at 398. The narrow construction of § 211(a) goes no farther, however, and we are aware of no cases which permit review, collaterally or otherwise, of a VA decision to deny benefits. *See Barefield v. Byrd,* 320 F.2d 455, 458 (5th Cir.1963) (Administrative Procedure Act does not permit review of VA procedure on denial of disability); *Ross v. United States,* 462 F.2d at 619 (civil damage suit for damages for due process violation and defamation involved in denial of disability benefits barred by § 211(a)); *Anderson v. Veterans Administration,* 559 F.2d at 935 (§ 211(a) bars civil action alleging the VA's hearing procedures on plaintiff's disability claim were inadequate and violated his civil rights). *Cf. DiSilvestro v. United States,* 405 F.2d 150, 155 (2d Cir.1968), *cert. denied,* 396 U.S. 964, 90 S.Ct. 441, 24 L.Ed.2d 429 (1969) (§ 211(a) did not bar judicial review of VA action seeking reimbursement for monies allegedly overpaid to disability claimant); *Devine v. Cleland,* 616 F.2d at 1085 (while recognizing that review of decisions on eligibility for benefits is barred, court holds that VA procedural regulations could be tested under the due process clause).

Rosen's damage claim would require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, Rosen should have been awarded disability benefits. This would involve a review of the prior adverse VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the Veterans Administration itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained. Such review by the district courts would necessarily run counter to the purposes of § 211(a). First, it would open the back door to judicial review to perhaps an overwhelming number of veterans disability lawsuits. A disgruntled claimant need only argue the VA willfully failed to maintain complete records in order to secure Privacy Act review. Secondly, it would require the courts to enter the VA's exclusive dominion over eligibility decisions and veterans' benefits policy.

█ In a specific statute, Congress made the Veterans Administration the exclusive arbiter of disability benefits decisions. In a more generalized statute, the Privacy Act, Congress has made all agencies accountable for the maintenance of records on individuals. In order to allow Rosen's claim to proceed, we would have to conclude that Congress intended to impliedly repeal § 211(a) to the extent an individual claims the Veterans Administration based its adverse disability decision on improperly maintained records. We are unable to so conclude, however, because the Privacy Act fails to evince the clear and manifest congressional intent necessary to overcome the presumption against repeals by implication. *See Morton v. Mancari,* 417 U.S. 535, 549, 94 S.Ct. 2474, 2482, 41 L.Ed.2d 290, 300 (1974); *Posadas v. National City Bank,* 296 U.S. 497, 503, 56 S.Ct. 349, 352, 80 L.Ed. 351, 355 (1936).

The intent of Congress in providing a civil remedy in the Privacy Act was to compensate individuals for injuries sustained as a result of the violation of the Act and to secure compliance with the Act by government agencies. S.Rep. No. 1183, 93d Cong., 2d Sess. 82 (1974), as reprinted in U.S.Code Cong. & Admin.News 1974, 6919, *reprinted in Legislative History of the Privacy Act of 1974* (Source Book on Privacy), 94th Cong., 2d Sess. 235 (1976). That intent is not disserved by prohibiting the judicial review required by Rosen's claim. The VA is still accountable under other provisions of the Privacy Act. An individual may still seek the aid of the court to obtain access to his VA records, 5 U.S.C. § 552a(d)(1) and (g)(1)(A), and have the agency amend deficient records, 5 U.S.C. § 552a(d)(3) and (g)(1)(A). All our decision prohibits is an action for damages under § 552a(g)(1)(C) and (g)(4) when review of VA decisions on granting or denying disability benefits is required.

## III. CONCLUSION

The decision of the district court is affirmed. Rosen's challenge to the constitutionality of 38 U.S.C. § 211(a) is precluded by prior decision in the Supreme Court and the circuit courts. Also, § 211(a) precludes Rosen's attempt through § 552a(g)(1)(C) of the Privacy Act to seek review of the VA decision to deny him benefits.

AFFIRMED.