Herman QUARLES, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 87–4052–R.

United States District Court, D. Kansas.

Jan. 26, 1990.

Eric Kjorlie, Topeka, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., and David M. Cooper, Asst. U.S. Atty., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This is an action brought by the plaintiff pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff contends that he suffered damages when the United States negligently destroyed his military medical records. The damages sought by plaintiff are the amount of disability benefits he would have received had he been able to prove certain service-connected illnesses through the use of his records. This matter is presently before the court upon defendant's motion to dismiss or for summary judgment.

In its motion, the defendant first seeks dismissal of plaintiff's complaint based on the argument that the court lacks subject matter jurisdiction over plaintiff's FTCA claim because judicial review is precluded by 38 U.S.C. § 211(a). The defendant also contends it is entitled to summary judgment because plaintiff's FTCA claim is barred by the statute of limitations.

Herman Quarles served in the United States Army from March 1943 to December 1945. His personnel records for that time were lost in a fire at the National Personnel Records Center in St. Louis, Missouri in 1973. In 1978, Mr. Quarles applied to the Veterans Administration (VA) for disability benefits. He alleged that his hypertension and diabetes mellitus were "service-connected" disabilities which would entitle him to increased pension payments. The VA denied his application on May 21, 1981. On December 8, 1981, Mr. Quarles appealed the VA's decision to the Board of Veterans Appeals. In his appeal, Mr. Quarles stated in part:

> I was held over at Ft. MacArthur, California, during my separation physical in 1945 for two or three weeks for "high blood sugar." I was not told that I had diabetes, nor was any information given to me regarding the diagnosis or evaluation of the "high blood sugar." I was not even advised as to whether or not I was to have any special care or medication. I was put on a reduced diet for the two weeks I was reporting to the hospital. I was given blood and urine tests and then I was told that my blood sugar was down and I was discharged from active duty.
>
> I contend that my service medical records should support this event. I take issue to the fact that through no fault of my own if my records were destroyed in the fire at the National Personnel Records Center, the factor of doubt should be considered in my favor.

On August 11, 1982, the Board denied the appeal. The Board noted that "[t]his is a Federal Records Center fire-related case" and that "the veteran contends that loss of his records should not be held against him." On February 26, 1986, Mr. Quarles filed an administrative claim under the FTCA. The claim alleged that the negligence of the National Archives in not preventing the 1973 fire had injured him by preventing him from proving his illnesses were service-connected. The claim was denied on August 19, 1986, and this action followed.

Mr. Quarles died on June 19, 1986. This case was originally brought by Mr. Quarles' wife on behalf of his estate and

her own behalf as his widow. Mrs. Quarles died during the pendency of this action. Thomas Lynn Quarles, successor administrator for the estates of Herman Quarles and Elaine F. Quarles, has been substituted as the party plaintiff in this case.

Defendant first contends that the court lacks subject matter jurisdiction because judicial review is precluded by 38 U.S.C. § 211(a). Section 211(a) provides, in pertinent part, as follows:

> [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

The defendant argues that plaintiff, through his FTCA claim, is actually seeking review of the decision denying him veterans' disability benefits. The defendant asserts that plaintiff's indirect attempt to receive disability benefits is precluded by § 211(a). Defendant relies upon *Rosen v. Walters*, 719 F.2d 1422 (9th Cir. 1983) for support. The defendant notes that the court in *Rosen* rejected an attempt to circumvent the provisions of § 211(a) through the use of a Privacy Act claim.

Plaintiff argues that his claim is not precluded by § 211(a). Plaintiff indicates that § 211(a) is inapplicable here because he seeks damages from other governmental agencies for their negligence and does not challenge the factual or legal determinations made by the VA. Plaintiff seeks to distinguish *Rosen* and cites two cases, *Yagjian v. Marsh*, 571 F.Supp. 698 (D.N.H. 1983) and *Moore v. Secretary of the Army*, 627 F.Supp. 1538 (D.Conn.1986), in support of his contention that § 211(a) does not preclude this action.

The court is faced with the question of whether § 211(a) bars judicial review of an FTCA claim when the relief sought is the amount of veterans' benefits denied by the VA. The court has not discovered a case directly on point, but there are some cases which provide some guidance.

The Supreme Court has on two occasions had the opportunity to discuss the scope of § 211(a). In *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the Court considered the issue of whether § 211(a) precluded federal courts from entertaining constitutional challenges to veterans' benefits legislation. The Court noted that two primary purposes were served by the enactment of § 211(a): (1) it insures that the courts and the VA will not be burdened by litigation over veterans' benefits claims; and (2) it insures uniformity in the technical determinations and applications of benefits legislation and policy. *Id.* at 370, 94 S.Ct. at 1167. Those purposes permitted the Court to limit the preclusion of review provided in § 211(a) to only "those decisions of law or fact that arise in the *administration* by the Veterans Administration of a *statute* providing benefits for veterans." *Id.* at 367, 94 S.Ct. at 1165. The Court concluded that these purposes would not be frustrated if federal courts were permitted to exercise jurisdiction over constitutional challenges to the very statute that was sought to be enforced. *Id.* at 373, 94 S.Ct. at 1168–69. The Court noted that such challenges "cannot be expected to burden the courts by their volume, nor do they involve technical consideration of Veterans' Administration policy." *Id.*

In *Traynor v. Turnage*, 485 U.S. 535, 108 S.Ct. 1372, 99 L.Ed.2d 618 (1988), the Supreme Court considered the question of whether § 211(a) bars judicial review of a claim that a VA regulation discriminates against handicapped persons in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Again, the Supreme Court found that this issue was not foreclosed from judicial review by § 211(a). *Id.* at 545, 108 S.Ct. at 1380. The Court found that the text and legislative history of § 211(a) provided no clear and convincing evidence of any congressional intent to preclude a suit claiming that the Rehabilitation Act has invalidated an otherwise valid regulation issued by the VA and purporting to have the force of law. *Id.* at 543, 108 S.Ct. at 1379. The Court noted that the issue presented concerned whether the law

sought to be administered is valid in light of a subsequent statute whose enforcement is not the exclusive domain of the VA. *Id.* at 543–44, 108 S.Ct. at 1379–80. The Court determined that permitting such a case to go forward would not undermine the purposes of § 211(a) since the courts would not be involved in the technical determinations and application of benefits legislation and VA policy, and the courts and the VA would not be burdened with litigation over veterans' benefits claims. *Id.* at 544, 108 S.Ct. at 1379.

In *Rosen,* the case relied upon by the defendant, the Ninth Circuit held that § 211(a) precluded a claim for damages under the Privacy Act, 5 U.S.C. § 552a. Plaintiff had sought damages based on the allegations that the VA deliberately destroyed the medical records pertinent to his claim for veterans' disability benefits. In affirming the trial court's dismissal of plaintiff's claim, the court stated as follows:

> Rosen's damage claim would require the district court to determine not only that the VA intentionally failed to maintain complete records, but also whether, but for the missing records, Rosen should have been awarded disability benefits. This would involve a review of the prior adverse VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the Veterans Administration itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained. Such review by the district courts would necessarily run counter to the purposes of § 211(a). First, it would open the back door to judicial review to perhaps an overwhelming number of veterans disability lawsuits. A disgruntled claimant need only argue the VA willfully failed to maintain complete records in order to secure Privacy Act review. Secondly, it would require the courts to enter the VA's exclusive dominion over eligibility decisions and veterans' benefits policy.

*Id.* at 1425. *Also see Pellerin v. Veterans Administration,* 790 F.2d 1553, 1555 (11th Cir.1986); *Taylor v. United States,* 642 F.2d 1118, 1120 (8th Cir.1981).

■ We are convinced that the approach taken by the court in *Rosen* must be applied here. The court recognizes that this case involves an FTCA claim for damages based upon the alleged negligence of National Archives. This would seem to remove it from the preclusive effect of § 211. However, plaintiff's claim would require the court to determine whether another governmental agency negligently failed to maintain his records *and* whether, but for the missing records, plaintiff should have been awarded disability benefits. This would involve a review of the prior VA decision to determine whether the absent evidence affected the result and, if the court so concludes, it must then act as the VA itself, applying benefits rules to the facts in order to determine the correct award of disability had the files been adequately maintained. We believe that such review is precluded by § 211(a), regardless of the trappings of plaintiff's claim. We find that § 211(a) precludes plaintiff's attempt through the FTCA to seek review of the VA decision to deny him benefits.

■ The cases cited by the plaintiff do not require a different conclusion. In *Moore* and *Yagjian,* the courts held that a decision by the Army Board for Correction of Military Records (ABCMR) denying a veteran's application to correct records can be reviewed by the federal courts on an arbitrary and capricious standard. These holdings were in accord with Supreme Court precedent. *Chappell v. Wallace,* 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983). In *Chappell,* the Supreme Court made clear that Congress has provided for limited judicial review of decisions by the ABCMR. *Id.* at 303, 103 S.Ct. at 2367. This review is consistent with § 211(a) because it is intermediate, prior to any decision by the VA on benefits. Thus, § 211(a) has no application to cases seeking review of a decision by the ABCMR because in those instances, the plaintiff is not seeking collaterally to attack a denial of VA benefits.

In reaching the conclusion that § 211(a) bars this action, we remain unconvinced that the decision of Congress to divest the federal courts of judicial review of VA decisions was a wise one. We agree with the following comments made by Judge C.A. Muecke in *Tietjen v. United States Veterans Administration,* 692 F.Supp. 1106, 1111 n. 5 (D.Ariz.1988):

> [T]he Court is bothered by § 211(a). The Court knows that without judicial review veterans can go through administrative nightmares. *See* Davis, *Veterans' Benefits, Judicial Review, And the Constitutional Problems of "Positive" Government,* 39 Ind.L.J. 183, 190–200 (1964) (discussing the cases of Di Silvestro and Steinmasel). Judicial review is frequently a means by which the federal courts ensure that an agency correctly interprets and implements its regulations. Why Congress continues to foster the jurisdictional distinction between veterans cases and, for example, social security cases is baffling. Both types of cases call for review of complex and technical medical evidence. In the eyes of this Court, § 211(a) is a modern "Henry VIII clause." *See id.* at 185–90 (In England, laws that prohibited judicial review of ministerial regulations and orders were said to contain "Henry VIII clauses.").

We note that Congress has to a limited extent recognized the unfairness of § 211(a). In 1988, Congress enacted the Veteran's Judicial Review Act, which amends § 211(a) to explicitly authorize judicial review in the Federal Circuit Court for all statutory challenges to VA rulemaking filed after September 1, 1989.

Alternatively, we also find merit to defendant's second argument. The court finds that plaintiff's FTCA claim is barred by the statute of limitations.

■ The FTCA bars any tort claim against the United States unless it is presented in writing to the appropriate federal agency "within two years after claim accrues." 28 U.S.C. § 2401(b). A claim "accrues" within the meaning of § 2401(b) when the plaintiff knows both of the existence of the injury and of its probable cause. *United States v. Kubrick,* 444 U.S. 111, 120–22, 100 S.Ct. 352, 358–59, 62 L.Ed.2d 259 (1979). The statute of limitations begins to run when the plaintiff possesses the critical facts that he has been hurt and who inflicted the injury, and not at a later date when he learns that his injury was negligently inflicted. *Id.* at 122–23, 100 S.Ct. at 359–60.

■ The facts here indicate that plaintiff's claim accrued no later than August 1982. It was at that time that plaintiff knew of his injury—the denial of veterans' benefits due to a lack of medical records—and the probable cause—the loss of the records in a fire at the National Personnel Records Center. Plaintiff, however, failed to file his administrative claim until February 26, 1986. Plaintiff argues that the claim was timely filed because he did not "confirm" that his records had been lost in the 1973 fire until 1984. We do not believe that this fact has any significance in light of the accrual definition established in *Kubrick.* The earlier proceedings before the VA provided the plaintiff with an injury and a probable cause. This was sufficient to trigger the running of the two-year period set forth in § 2401(b). Accordingly, the court finds that plaintiff's FTCA claim is also barred by the statute of limitations.

IT IS THEREFORE ORDERED that defendant's motion to dismiss or for summary judgment be hereby granted. Judgment is hereby entered in favor of the defendant and against the plaintiff, and this action is dismissed with prejudice.

IT IS SO ORDERED.