**Allen W. HICKS, Plaintiff,**

v.

**Dr. Elisabeth SMALL, Defendant.**

**No. CV–N–92–658–ECR.**

United States District Court,
D. Nevada.

Dec. 1, 1993.

George F. McNally, Law Office of Lawrence J. Semenza, Reno, NV, for plaintiff.

Shirley Smith, Asst. U.S. Atty., Reno, NV, for defendant.

### ORDER

EDWARD C. REED, Jr., District Judge.

This case is before us on Defendant's Motion (Doc. # 40) to Dismiss for Lack of Subject Matter Jurisdiction, and on the basis that Plaintiff's action is barred by Defendant's Immunity.

Plaintiff filed a Response (Doc. # 43) on July 15, 1993. Defendant never filed a Reply.

**BACKGROUND**

#### A. FACTUAL BACKGROUND

Plaintiff is a Veteran and receives Veterans Benefits and at one time received care at the Veteran's Administration Medical Center at Reno, Nevada. While there, Plaintiff con-

tends a VA Dr., the Defendant Dr. Small, prevented him from contacting his congressional representatives to complain about his treatment by Dr. Small specifically and the VA Medical Center at Reno, Nevada generally. Plaintiff further alleges that Dr. Small attempted and for a period of time succeeded in reducing his benefits in retaliation for his complaints.

Plaintiff's complaint states a *Bivens* [1] claim against Dr. Small for violation of his First and Fifth Amendment rights and a state tort claim of outrage or intentional infliction of emotional distress.

Defendant's Motion to Dismiss claims that we lack subject matter jurisdiction over the *Bivens* claims and that the state tort claim is precluded by Defendant's immunity. We address these issues in turn.

### B. PROCEDURAL BACKGROUND

Plaintiff's complaint was first filed in the Eastern District of Arkansas. While there, Defendant presented a similar Motion to Dismiss which also raised the issues of venue and personal jurisdiction. The court did not address the issues now presented to us but instead transferred the case to this court pursuant to 28 U.S.C. § 1406. The case was transferred to us because the district court for the Eastern District of Arkansas found that venue and personal jurisdiction were lacking in Arkansas but existed in Nevada. (Doc. # 26).

## DISCUSSION OF LAW

### A. SUBJECT MATTER JURISDICTION

#### 1. Treatment as Motion to Dismiss for Failure to State a Claim

A motion to dismiss for lack of subject matter jurisdiction is never waived and can be raised at any time. Fed.R.Civ.P. 12(h)(3). Defendant titles this motion for dismissal as one for want of subject matter jurisdiction.

Defendant claims that this court lacks subject matter jurisdiction over Plaintiff's *Bivens* claim. Defendant asserts that Congress has provided an alternative, comprehensive federal remedial scheme which should preclude a *Bivens* action.

Before proceeding to our legal analysis we clarify how we will proceed. As will be discussed, this court does have subject matter jurisdiction. Nevertheless, a *Bivens* action or remedy may be inappropriate, where certain circumstances exist. Thus, Defendant's Motion is more appropriately labelled a motion to dismiss for failure to state a claim upon which relief could be granted. Fed.R.Civ.P. 12(b)(6).

Ordinarily rule 12 motions should be made all at one time. Fed.R.Civ.P. 12(g). However, 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted are excepted from this general rule. Fed.R.Civ.P. 12(h)(2). Such motions "may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." *Id.* Furthermore, a motion to dismiss for lack of subject matter jurisdiction may be treated as a motion to dismiss for failure to state a claim upon which relief can be granted where the jurisdictional challenge is inseparable from the merits. *Reeves v. Guiffrida,* 756 F.2d 1141 (5th Cir.1985).

The parties fully briefed the relevant issues. The legal analysis is identical regardless of whether this should be denominated a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim.

For the above reasons, we shall treat Defendant's Motion to Dismiss (Doc. # 40) for lack of subject matter jurisdiction as a motion to dismiss for failure to state a claim.

#### 2. Standards for 12(b)(6) Motion for Dismissal

A court may grant a motion to dismiss for failure to state a claim on which relief can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Western Reserve Oil & Gas Co. v. New,* 765 F.2d 1428, 1430 (9th Cir.1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88

---

**1.** *Bivens v. Six Unknown Agents of the Federal Narcotics Bureau,* 403 U.S. 388, 91 S.Ct. 1999,

29 L.Ed.2d 619 (1971).

L.Ed.2d 773 (1986). A court may only look to the facts alleged in the complaint when deciding whether to grant a 12(b)(6) motion. *Id.* All material facts alleged in the complaint must be taken as true and construed in the light most favorable to the nonmoving party. *Amfac Mortgage Corp. v. Arizona Mall of Tempe,* 583 F.2d 426, 430 (9th Cir. 1978).

### 3. Subject Matter Jurisdiction Exists to Grant *Bivens* Relief

The "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

In the landmark case of *Bivens v. Six Unknown Agents of the Federal Narcotics Bureau,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Court held that federal employees or officers acting under the color of their authority may be held personally liable for their violations of a person's constitutional rights.

So called *Bivens* actions for money damages arising from the violation of constitutional rights by federal officers arise under 28 U.S.C. § 1331. *See, Bush v. Lucas,* 462 U.S. 367, 374, 103 S.Ct. 2404, 2409, 76 L.Ed.2d 648 (1983). In *Bush,* the Court stated that "[t]he federal courts' power to grant relief not expressly authorized by Congress is firmly established." *Id.* The Court further explained that the jurisdictional grant of authority contained in § 1331 included:

> "the authority to decide whether a cause of action is stated by a plaintiff's claim that he has been injured by a violation of the Constitution, *Bell v. Hood,* 327 U.S. 678, 684 [66 S.Ct. 773, 777, 90 L.Ed. 939] (1946) ... [and] the authority to choose among available judicial remedies in order to vindicate constitutional rights."

*Id.*

It appears to this court that we have jurisdiction under § 1331 to hear a claim for deprivation of Plaintiff's constitutional rights if such a claim can be stated. "The federal courts' statutory jurisdiction to decide federal questions confers adequate power to award damages to the victim of a constitutional violation." *Bush v. Lucas,* 462 U.S. at 378, 103 S.Ct. at 2411. The remaining question is when that power should be exercised to allow a judicially created, non-statutory private cause of action.

### 4. Analysis of 12(b)(6) Motion to Dismiss: i.e. Does a *Bivens* Cause of Action Exist?

The Court in *Bivens* noted that Congress had not specifically provided for any monetary remedy for persons whose constitutional rights were violated by federal officers acting under color of authority. *Bivens,* 403 U.S. at 396, 91 S.Ct. at 2004. The Court allowed a private cause of action under the Constitution itself. *Id.* Before doing so however, the Court deliberated whether there were any special factors counseling hesitation in the absence of affirmative action by Congress. *Id.*

Later cases seem to have adopted the view of Justice Harlan, (concurring in *Bivens* ) who

> "thought it clear that the power to authorize damages as a remedy for the vindication of a federal constitutional right had not been placed by the Constitution itself exclusively in Congress' hands. Instead he reasoned the real question did not relate to 'whether the federal courts have the power to afford one type of remedy as opposed to the other, but rather the criteria which should govern the exercise of our power.'"

*Bush v. Lucas,* 462 U.S. 367, 377, 103 S.Ct. 2404, 2411, 76 L.Ed.2d 648 quoting from *Bivens* 403 U.S. 388, 401–407, 91 S.Ct. 1999, 2007–10 (1971) (Harlan, J., concurring) (citations omitted).

The criteria which should govern our exercise of power to allow an action for monetary damages includes whether there are " 'special factors counselling hesitation in the absence of affirmative action by Congress,' no explicit statutory prohibition against the relief sought, and no exclusive statutory alternative remedy." *Schweiker v. Chilicky,* 487 U.S. 412, 421, 108 S.Ct. 2460, 2466, 101 L.Ed.2d 370 (1988).

After the initial cases developing *Bivens,* the Court has "responded cautiously to suggestions that *Bivens* remedies be extended into new contexts." *Id.* In part this is because

> "the concept of 'special factors counselling hesitation in the absence of affirmative action by Congress' has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent. When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."

*Id.* at 423, 108 S.Ct. at 2468.

Thus in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648, the Court declined to allow *Bivens* remedies to a federal employee who was demoted for exercising his First Amendment rights. The Court assumed a First Amendment violation occurred and recognized that the statutorily provided remedial scheme did not provide as full a remedy as a *Bivens* action would provide. The Court relied on the fact that Congress had paid careful attention to policy questions and noted that "the Legislature is far more competent than the Judiciary to carry out the necessary 'balancing [of] governmental efficiency and the rights of employees....'" *Schweiker* 487 U.S. at 423, 108 S.Ct. at 2468, quoting from *Bush,* 462 U.S. at 389, 390, 103 S.Ct. at 2417, 2417.

This case and *Bush* share many similarities. In *Bush,* a federal employee suffered retaliatory actions (Court assumed demotion was retaliatory and violated First Amendment) for exercising his First Amendment rights. *Bush,* 462 U.S. 367, 103 S.Ct. 2404. Here, a veteran allegedly suffered retaliatory actions (reduction of benefits) for exercising his First Amendment rights. In both cases, the plaintiff first pursued administrative relief under a comprehensive remedial scheme for correcting wrongful agency actions. Subsequently, both plaintiffs then pursued a *Bivens,* action against the individual official allegedly responsible for initiating the retaliatory actions. In *Bush,* that individual was

Plaintiff's supervisor. Here, that individual is Dr. Small.

The Supreme Court stated in *Bush* that the particular remedial scheme involved there, the Civil Service Reform Act (CSRA) provided incomplete relief. *Id.* at 372, 103 S.Ct. at 2408. Nevertheless, the Court found that Congress had provided "meaningful remedies." *Id.* at 386, 103 S.Ct. at 2415. Given the comprehensive nature of the remedies available, the question was not what remedy the Court should provide for a constitutional violation that would otherwise go unredressed because Congress had not provided a remedy. *Id.* at 388, 103 S.Ct. at 2416. The question was "whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations should be augmented by the creation of a new judicial remedy for the constitutional violation at issue." *Id.* The Court concluded it should not augment the remedies provided by the CSRA. *Id.* at 390, 103 S.Ct. at 2417.

In this case there is no explicit statutory prohibition against the relief sought. The Veterans Judicial Review Act of 1988 (VJRA) provides a comprehensive administrative and judicial system or procedure for resolving disputes. The VJRA created a three-tiered structure for benefits disputes. *See,* 38 U.S.C. §§ 511, 610, 612, 1110, 1131, 7104, 7252, 7266. This three tiered structure includes the creation of a new U.S. Court of Veterans Appeals. Furthermore, even a decision of the Court of Veterans Appeals may be appealed to the U.S. Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.

As demonstrated in *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404 and *Schweiker v. Chilicky,* 487 U.S. 412, 108 S.Ct. 2460, a legislatively created remedial mechanism may preclude *Bivens* remedies even if it does not explicitly state that it is exclusive, does not state that *Bivens* relief is precluded, and provides incomplete relief.

We think *Schweiker v. Chilicky,* is highly relevant to the case before us. In *Schweiker,* 487 U.S. 412, 108 S.Ct. 2460, the Plaintiffs alleged that a wrongful termination of their Social Security disability benefits violated

their due process rights and brought a *Bivens* action against various state and federal officers. The Court reviewed the elaborate remedial mechanism created by Congress and determined that Congress, although not providing full relief, had not totally failed to provide meaningful remedies or measures to protect the constitutional rights of benefit recipients. Congress further considered the effect personal liability for official acts might have on recruiting officers to administer the programs. This kind of balancing of interests is peculiarly within the province of Congress.

We believe, as did the Court in *Bush*, and *Schweiker*, that Congress is in a better position to determine whether the public interest would be served by creating a new substantive legal liability in the context of Veterans Administration disability and medical benefits.

The Ninth Circuit has addressed whether a comprehensive remedial scheme for wrongful employment actions should preclude "non-employment torts committed against federal employees which are not related to pay." *Saul v. United States*, 928 F.2d 829, 838 (9th Cir.1991). The case involved a federal employee who brought *Bivens* claims against his supervisors, alleging constitutional torts which were not related to pay, and therefore were not within the scope of the remedial structure created by the CSRA. *Id.*

The Ninth Circuit rejected plaintiff's suggestion that a *Bivens* claim could be brought against his supervisors so long as it was limited to actions unrelated to his pay. *Id.* The court based its holding on the fact that the "Supreme Court has not used pay-relatedness as the determinant of whether federal employees may bring *Bivens* actions against their supervisors." *Id.* at 838–39.

Likewise, benefit-relatedness should not be used to determine whether a *Bivens* action should be allowed. Thus, it makes no difference if Plaintiff's constitutional claims are unrelated to his entitlement to benefits.

Congress, in passing the VJRA created a comprehensive remedial structure for correcting and vindicating wrongful actions of the Veterans Administration. We cannot say that any failure to provide for the relief sought by Plaintiff was inadvertent. Where a comprehensive remedial structure exists, a *Bivens* claim may be precluded even where the comprehensive remedial structure provides no alternative remedy for the particular conduct at issue. *Id.* at 839–40.

Plaintiff sued the Veterans Administration for the alleged First Amendment violation directly in an earlier action. *See, Blundell v. Veterans Administration*, U.S.Dist.Ct., E.D.Arkansas, Western Division, Case No. LR–C–89–315, by Judge Stephen Reasoner, *rev'd on jurisdictional grounds sub nom, Hicks v. Veterans Administration*, 961 F.2d 1367 (8th Cir.1992).[2] The district court found that Plaintiff's First Amendment rights were violated as a result of a retaliatory reduction of Plaintiff's benefits. *Hicks v. VA*, 961 F.2d 1367, 1368. The court found that Dr. Small took actions which resulted in the ultimate reduction of Plaintiff's benefits in retaliation for Plaintiff's complaints to his congressional representatives. *Id.* The district court awarded Plaintiff relief for the alleged violation of his First Amendment rights. *Id.*

On appeal, the Eighth Circuit, reversed, on the basis that the district court was deprived of subject matter jurisdiction by the VJRA. *Id.* at 1369–70. Plaintiff argued that the VJRA should not preclude his First Amendment claim against the VA because it should only apply "where specialized knowledge or

**2.** We cite Plaintiff's previous case against the Veterans Administration purely for its precedential effect in the main body of the text. Nevertheless, we note that the Eighth Circuit's holding that Plaintiff's claim against the VA lacked jurisdiction in the district courts may preclude Plaintiff from litigating that issue here. Plaintiff's claim against the VA stated an essentially identical cause of action for violation of his First Amendment rights. The Eighth Circuit held that 38 U.S.C. § 511 as Amended by the Veterans Judicial Review Act of 1988 (VJRA) applied and that it ousted the district court of jurisdiction to hear Plaintiff's claim. Defensive use of collateral estoppel by one not a party to the previous litigation is allowed. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Thus, it is highly probable Plaintiff could be collaterally estopped from asserting this court's subject matter jurisdiction to hear Plaintiff's First Amendment claim against the current Defendant.

uniformity is important but not with respect to a First Amendment claim." *Id.* at 1369. The court responded by noting that "[t]he statute applies to '*all* questions of law and fact.' It does not exclude claims which are based upon the Constitution." *Id.* at 1369, citing 38 U.S.C. § 511(a).

The court went on to find that Plaintiff's claim that a First Amendment violation caused the reduction of his benefits essentially challenged the reduction of his benefits on a constitutional basis. *Id.* at 1370. As a challenge to the reduction of benefits Plaintiff's claim was included within the exclusive review mechanism of the VJRA. *Id.* Therefore, the district court lacked jurisdiction to determine Plaintiff's First Amendment claim. *Id.*

In this case, Plaintiff has merely substituted Defendant, Dr. Small, for the Veteran's Administration, but brings essentially the same cause of action. Plaintiff here alleges both a First and a Fifth Amendment violation in his *Bivens* cause of action. Both claims essentially challenge the reduction of Plaintiff's benefits on a constitutional basis. Changing the defendant from the VA itself to an individual employee of the VA does not change the theory of the claim.

We hold that in light of the comprehensive, exclusive remedial structure provided by the VJRA that a *Bivens* cause of action is inappropriate. Congress has provided an adequate remedy. The comprehensiveness of the VJRA's remedial provisions convince this court that any remedy that Congress declined to include was not as a result of inadvertence. *See, Saul v. United States,* 928 F.2d 829, 840 (9th Cir.1991). Any denial of remedy was a result of Congress' expertise in balancing competing interests. We decline to upset that balance by providing additional remedies not provided by Congress.

Defendant's Motion, nominally a Motion to Dismiss for Lack of Subject Matter Jurisdiction is granted as a Motion to Dismiss for Failure to State a Claim. We grant this motion only as to Plaintiff's Constitutional causes of action. Plaintiff's State Law tort claim of Outrage or Intentional Infliction of Emotional Distress is not dismissed for failure to state a claim.

## B. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE STATE TORT CLAIM RAISED UNDER THE FTCA

Defendant also argues that the Federal Tort Claims Act (FTCA), as amended, provides her with absolute immunity and that the United States should be substituted in her place as Defendant to Plaintiff's state tort claim. 28 U.S.C. § 2679 provides in part that:

> "[t]he remedy against the United States ... arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action ... against the employee or the employee's estate is precluded without regard to when the act or omission occurred."

28 U.S.C. § 2679(b)(1) (1993 Supp.).

We need not consider the issue of Defendant's immunity under the FTCA. We find that we lack subject matter jurisdiction over Plaintiff's state tort claim brought under the FTCA.

Numerous circuits, including the Ninth Circuit have held that the CSRA preempts state tort causes of action under the FTCA. *See, Saul v. U.S.,* 928 F.2d 829, 840.

Similarly, we hold the VJRA preempts Plaintiff's state tort cause of action under the FTCA.

■ "Preemption analysis always starts with the presumption that Congress did not intend to displace state law." *California ex rel. State Water Resources Bd. v. Federal Energy Regulatory Comm'n,* 877 F.2d 743, 746 (9th Cir.1989), *cert. granted,* 493 U.S. 991, 110 S.Ct. 537, 107 L.Ed.2d 535 (1989), *mot. denied,* 493 U.S. 1068, 110 S.Ct. 1107, 107 L.Ed.2d 1016 (1990), *and aff'd,* 495 U.S. 490, 110 S.Ct. 2024, 109 L.Ed.2d 474 (1990). Congress's intent is the ultimate touchstone

for determining whether state law is preempted. *California Fed. Sav. & Loan Ass'n v. Guerra,* 479 U.S. 272, 284, 107 S.Ct. 683, 691, 93 L.Ed.2d 613 (1987). Federal law preempts state law in three different ways. *Id.* at 280–81, 107 S.Ct. at 689. Congress may expressly require state law to be preempted, or the Supremacy Clause of the constitution may require preemption where state and federal law actually conflict or lastly, courts may infer that Congress preempted state law where the federal law is "sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation." *Id.* at 280–81, 107 S.Ct. at 689; *Saul v. U.S.,* 928 F.2d at 841.

■ In *Rosen v. Walters,* 719 F.2d 1422 (9th Cir.1983) the court held that 38 U.S.C. § 211 (the predecessor to § 511 of the VJRA) precluded a claim for damages under the Privacy Act, 5 U.S.C. § 552a. Section 211(a) provided that:

> the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

38 U.S.C. § 211(a) repealed by Pub.L. 102–83, § 2(a), Aug. 6, 1991, 105 Stat. 378 (replaced by current 38 U.S.C. § 511).

In *Rosen,* the Plaintiff sought relief under the Privacy Act, 5 U.S.C. § 552a, alleging the improper destruction of his military records. The court determined that the Plaintiff was essentially using the Privacy Act claim to relitigate and review the denial of medical benefits on the grounds that the missing records would have supported his disability claim. *Rosen,* 719 F.2d at 1423. The court further determined that such use of the Privacy Act to review a grant or denial of benefits was precluded by § 211.

The court in *Quarles v. United States,* 731 F.Supp. 428 (D.Kan.1990) recently followed *Rosen,* in the context of an FTCA claim of negligence. The Plaintiff's claim of negli-

gence against the National Archives alleged the Archive's negligence in allowing his military medical records to be destroyed. *Id.* Plaintiff claimed he was damaged because he was unable to establish a medical disability entitling him to medical benefits without his medical records. Nevertheless, because Plaintiff's claim against the National Archives necessarily required a determination of whether, "but for the missing records, plaintiff should have been awarded disability benefits ..." the court held that 38 U.S.C. § 211(a) precluded Plaintiff's claim under the FTCA. *Id.* at 431.

The holdings in *Rosen,* and *Quarles,* were based on findings that the respective complaints were, in effect, attempts to review a decision denying medical benefits. In both cases, it was necessary for the court to consider issues of law or fact involving decisions to grant or deny benefits. It was for this reason that the respective courts found § 211 precluded them from hearing the claim.

In this case, Plaintiff's state law claim for intentional infliction of emotional distress (or outrage), essentially challenges a reduction of Plaintiff's benefits. In order for this court to proceed with this action it would be necessary to consider issues of law and fact involving the decision to reduce Plaintiff's benefits. *See,* Plaintiff's Complaint, Doc. # 1 p. 4–6, ¶¶ 6–11, (alleging that Defendant's retaliatory actions deprived Plaintiff of benefits to which he was entitled).

Such a determination would violate 38 U.S.C. § 511 which states:

> (a) [t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary to veterans or the dependents or the survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

The similarity of purpose and phrasing indicates that the reasoning of *Rosen* under former § 211 should apply to this case under § 511. Furthermore, § 511 explicitly replaced § 211. *See,* Pub.L. 102–83, § 7, Aug.

6, 1991, 105 Stat. 410 (see note preceding 38 U.S.C. § 101).

Although § 511 does not explicitly deprive us of jurisdiction as did § 211, it flatly states that a decision of the Secretary may not be reviewed by any court. That is precisely what we would be doing if we were to entertain Plaintiff's claim.

Thus, an express statement of Congress, in § 511, precludes us from exercising jurisdiction over this claim. We need not decide whether Congress occupied the field and precluded all state law tort claims. We base our decision on the narrower basis, that 38 U.S.C. § 511 precludes our exercise of jurisdiction over Plaintiff's tort claim because to do so would involve judicial review of a decision of the Secretary of the Department of Veterans Affairs regarding Plaintiff's benefits as a veteran.

IT IS, THEREFORE, HEREBY ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. # 40) is treated as a Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted.

IT IS, THEREFORE, HEREBY ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted (Doc. # 40) is GRANTED as to Plaintiff's First and Second Claims for relief, alleging *Bivens* claims for violation of his First and Fifth Amendment Constitutional rights.

IT IS HEREBY FURTHER ORDERED that Plaintiff's Third Claim for Relief, alleging a state tort cause of action for Outrage, or the Intentional Infliction of Emotional Distress is DISMISSED for lack of subject matter jurisdiction.

IT IS, THEREFORE, HEREBY ORDERED that this order renders a final disposition of the litigation. The Clerk shall enter judgment accordingly.