33 F.3d 58
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Barrett BAILEY, Plaintiff-Appellant,
v.
DEPARTMENT OF VETERANS AFFAIRS, Defendant-Appellee.
 No. 94-55092.
 United States Court of Appeals, Ninth Circuit.
 Aug. 10, 1994.
 
 Before: WALLACE, HUG, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Barrett Bailey, appeals pro se, the district court's (1) dismissal for lack of subject matter jurisdiction of his action against the Department of Veterans Affairs ("VA"), and (2) denial of his motion to amend the judgment pursuant to Fed.R.Civ.P. 59(e). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo a district court's dismissal for lack of subject matter jurisdiction. Kruso v. International Tel. & Tel. Corp, 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We review for abuse of discretion the district court's denial of a Rule 59(e) motion. Swimmer, 811 F.2d at 1345.
 
 
 4
 The United States as a sovereign may not be sued without its consent. United States v. Testan, 424 U.S. 392, 399 (1976). Any governmental waiver of immunity must be expressed unequivocally. United States v. Mitchell, 445 U.S. 535, 538 (1980). The district court is without jurisdiction to review VA benefits determinations. 38 U.S.C. Sec. 511(a).[1] Section 511(a) provides:
 
 
 5
 The Secretary [of Veterans Affairs] shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.
 
 
 6
 Id. Section 511(a) does not bar judicial review of "constitutional attacks on legislation governing the provisions of VA benefits." Rosen v. Walters, 719 F.2d 1422, 1423 (9th Cir.1983). Nevertheless, because the determination of veterans benefits is exclusively within the province of the VA, an attempt to challenge the allocation of benefits under the guise of a constitutional attack will not be permitted. Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989); Rosen, 719 F.2d at 1423.
 
 
 7
 Here, Bailey contends that the VA failed to amend his records to reflect his eligibility for an increase in service-connected benefits. Because Bailey essentially seeks to challenge the VA's decision denying his application for benefits, the district court properly dismissed Bailey's complaint for lack of jurisdiction. See 38 U.S.C. Sec. 511(a); Rosen, 719 F.2d 1425.
 
 
 8
 Bailey nevertheless contends that the district court had jurisdiction over his action under the Privacy Act, 5 U.S.C. Sec. 552a(g)(1)(c).[2] This contention lacks merit.
 
 
 9
 A plaintiff may not use the Privacy Act to collaterally attack the grant or denial of benefits on the grounds that the VA failed to maintain proper records. Rosen, 719 F.2d at 1424-25. Section 511 precludes such an attack by vesting exclusive jurisdiction over benefit determinations with the VA. Id. Accordingly, the district court did not err by dismissing Bailey's action for lack of jurisdiction. Moreover, we find no abuse of discretion in the district court's denial of Bailey's Rule 59(e) motion which invoked the Privacy Act as a basis for the court's jurisdiction. See Swimmer, 811 F.2d at 1345.
 
 
 10
 Finally, Barrett contends that the district court erred by not granting his Rule 59(e) motion to amend the judgment because the VA failed to file opposition papers or appear at the hearing as required by Local Rules 7.9 and 7.10. These local rules provide that the failure to file a timely opposition to a motion and failure to appear at a hearing on a motion "may be deemed consent to the granting ... of the motion." Here, given that Barrett failed to establish the existence of subject matter jurisdiction, and the discretionary language of the local rules, the district court did not err by denying Barrett's Rule 59(e) motion.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Bailey's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Formerly 38 U.S.C. Sec. 211(a)
 
 
 [2]
 This section provides than an individual may bring claim whenever an agency:
 fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual....