# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1620

_____

| | | |
|---|---|---|
| Lloyd Goings, an individual, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of South Dakota. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: June 19, 2008
Filed: July 18, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lloyd Goings appeals the district court's adverse grant of summary judgment in his Federal Tort Claims Act (FTCA) lawsuit.

In his verified complaint, Goings, a Vietnam veteran, alleged that the Department of Veterans Affairs (VA) had lost his medical records from 1970 through 1992, thereby causing his claim for social security disability insurance benefits to be denied. The district court granted summary judgment in favor of the United States, explaining, inter alia, that it could not determine whether the administrative law judge (ALJ) had denied Goings disability benefits due to the absence of his medical records.

After careful review, we conclude that the district court lacked subject matter jurisdiction to hear Goings's FTCA claim. *See* 42 U.S.C. § 405(h) (no findings of fact or decision of Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided; no action against United States shall be brought under 28 U.S.C. § 1346 to recover on any claim arising under this subchapter); *cf. Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 5, 10 (2000) (concluding that § 405(h) barred federal-question jurisdiction in case challenging Medicare-related regulations; § 405(h) purports to make exclusive judicial review method set forth in statute). We hold that Goings's claim was precluded by section 405(h) because it required the district court to review the ALJ's decision and determine whether the absence of his medical records affected the outcome. *Cf. Rosen v. Walters*, 719 F.2d 1422, 1422-25 (9th Cir. 1983) (affirming dismissal of veteran's action under Privacy Act for damages stemming from denial of VA disability benefits; veteran alleged that VA or some other agency destroyed his medical records, thereby making it impossible to show that ailment was service-related; court concluded that claim would require type of judicial review over VA decisions that was precluded by statute because it would involve review of prior adverse VA decision to determine whether absence of evidence affected result, and, if so, court must then act as VA itself in order to determine what correct award would have been); *Quarles v. United States*, 731 F. Supp. 428, 429, 431-32 (D. Kan. 1990) (applying rationale of *Rosen* and dismissing FTCA claim brought by veteran; veteran alleged that United States negligently destroyed his medical records, which prevented him from proving illnesses were service-related for purposes of disability benefits from VA).

Accordingly, we vacate the district court's grant of summary judgment, and we remand the case to the district court with instructions to dismiss the complaint for lack of subject matter jurisdiction. In addition, Goings's pending motions are denied.

_____