**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 15, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ANGELA NAILS,

      Plaintiff - Appellant,

v.

CERITA SLUSHER, employee of the
Department of Veteran's Affairs,

      Defendant - Appellee.

No. 15-3138
(D.C. No. 5:15-CV-04858-RDR-KGS)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.[**]

---

Plaintiff-Appellant Angela Nails appeals from the district court's order

dismissing her complaint against the defendant Cerita Slusher for lack of subject

matter jurisdiction and for failure to state a claim. Nails v. Slusher, No. 15-cv-

04858-RDR-KGS (D. Kan. May 20, 2015). Our jurisdiction arises under 28

U.S.C. § 1291, and we affirm.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ms. Nails filed the underlying damages action in Kansas state court against Veteran's Affairs (VA) employee Cerita Slusher for terminating her VA health care benefits. Ms. Slusher determined that Ms. Nails had not served the requisite number of months in the military to be eligible for such benefits. On behalf of Ms. Slusher, the United States removed the case to federal court and filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or in the alternative, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court granted the defendant's motion to dismiss, finding that it lacked subject matter jurisdiction because of sovereign immunity and because of the substance of Ms. Nails' allegations. See Order, Nails v. Slusher, No. 15-cv-04858-RDR-KGS (D. Kan. May 20, 2015), ECF No. 17. The court also found that Ms. Nails' complaint failed to state a claim. Id.

We review de novo a district court's dismissal for lack of subject matter jurisdiction. Montoya v. Chao, 296 F.3d 952, 954–55 (10th Cir. 2002). We find the district court correctly dismissed Ms. Nails' complaint. Ms. Nails' claims challenge the VA's denial of benefits, and therefore, are outside the jurisdiction of the district court. See 38 U.S.C. § 511(a); see also Weaver v. United States, 98 F.3d 518, 519 (10th Cir. 1996). Likewise, the district court would not have jurisdiction to consider a Privacy Act claim that ultimately concerns the propriety of the denial of benefits. Rosen v. Walters, 719 F.2d 1422, 1424–25 (9th Cir. 1983).

Accordingly, we DISMISS this appeal for lack of jurisdiction and DENY

Ms. Nails' request to proceed in forma pauperis.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge