**Allen W. HICKS, Plaintiff–Appellant,**

v.

**Dr. Elisabeth SMALL, M.D., Defendant–Appellee.**

No. 94–15011.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 1995.[*]

Decided Oct. 23, 1995.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. 34(a); 9th Cir.R. 34–4.

George F. McNally, McNally & Rounds, Reno, Nevada, for plaintiff-appellant.

Shirley Smith, Assistant United States Attorney, Reno, Nevada, for defendant-appellee.

Before: BEEZER and THOMPSON, Circuit Judges, and EZRA, District Judge.**

EZRA, District Judge:

This appeal presents two principal issues. First, does the Veterans' Judicial Review Act of 1988, 38 U.S.C. § 7251 *et seq.* (1991) ("the VJRA"), provide an exclusive remedial structure that precludes Appellant from asserting a *Bivens* cause of action in district court? Second, did the district court properly determine that it lacked subject matter jurisdiction under 38 U.S.C. § 511(a) (1991), to hear Appellant's state tort action brought under the Federal Tort Claims Act? We answer both of these questions in the affirmative.

I.

Plaintiff–Appellant Hicks receives veterans benefits for a disability resulting from his service in Vietnam in 1968. In July through August 1988, Hicks received care at the Veteran's Administration Medical Center in Reno, Nevada. He contends that Defendant–Appellee Dr. Elisabeth Small prevented him from contacting his congressional representatives to complain about his treatment by Dr. Small specifically and the VA Medical Center at Reno, Nevada, generally. Hicks further alleges that Dr. Small attempted to reduce, and for a period of time succeeded in reducing, his benefits in retaliation for his complaints.

** Honorable David Alan Ezra, District Judge for the District of Hawaii, sitting by designation.

Hicks' complaint alleges a *Bivens*[1] claim against Dr. Small for violation of his First and Fifth Amendment rights and a state tort claim of outrage, or intentional infliction of emotional distress. Dr. Small moved to dismiss on the grounds that the district court lacked subject matter jurisdiction over the *Bivens* claims and that the state tort claim was precluded by immunity.

The District Court of Nevada: (1) converted Dr. Small's Federal Rules of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction into a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted; (2) granted Dr. Small's Rule 12(b)(6) motion with respect to Hicks' *Bivens* claims against Dr. Small for alleged violations of his First and Fifth Amendment rights; and (3) dismissed Hicks' state tort claim for lack of subject matter jurisdiction. *Hicks v. Small*, 842 F.Supp. 407, 408–14 (D.Nev.1993).

## II.

A dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Everest & Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994); *Oscar v. University Students Cooperative Ass'n*, 965 F.2d 783, 785 (9th Cir.) (en banc), *cert. denied*, — U.S. —, 113 S.Ct. 655, 121 L.Ed.2d 581 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir.1990). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotations and citations omitted).

The existence of subject matter jurisdiction is a question of law reviewed de novo. *Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir.1994); *Reebok Int'l, Ltd. v. Marna-*

*tech Enters., Inc.*, 970 F.2d 552, 554 (9th Cir.1992). The district court's conclusion that it lacks subject matter jurisdiction is reviewed de novo. *Carpenter v. Department of Transp.*, 13 F.3d 313, 314 (9th Cir.1994).

## III.

### A. *Hicks'* Bivens *Claim*

In *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, the Supreme Court held that the Constitution may support a private cause of action against federal officials acting under color of their authority for their constitutional torts and allowed the victims of a Fourth Amendment violation by federal officers to bring suit against the officers for money damages. 403 U.S. 388, 394, 91 S.Ct. 1999, 2003, 29 L.Ed.2d 619 (1971). The Supreme Court has allowed *Bivens* actions in situations where, as in *Bivens* itself, there were no "special factors counselling hesitation in the absence of affirmative action by Congress," no statutory prohibition against the relief sought, and no exclusive statutory remedy. *Schweiker v. Chilicky*, 487 U.S. 412, 421, 108 S.Ct. 2460, 2466, 101 L.Ed.2d 370 (1988) (citing *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) and *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)). However, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," courts have declined to create additional *Bivens* remedies. *Schweiker*, 487 U.S. at 423, 108 S.Ct. at 2467.

For the reasons set forth in the district court's well reasoned order, *Hicks v. Small* 842 F.Supp. 407, 409–12 (D.Nev.1993), we affirm the dismissal of Hicks' action under Rule 12(b)(6). The district court correctly held that a *Bivens* action was inappropriate in light of the comprehensive, remedial structure of the VJRA. *Id.* at 412.

---

1. *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct.

1999, 29 L.Ed.2d 619 (1971).

### B. *VJRA Preemption of Hicks' State Tort Claim*

We also agree with the district court that determination of Hicks' tort claims would necessitate a "consider[ation of] issues of law and fact involving the decision to reduce [Hicks'] benefits," a review specifically precluded by 38 U.S.C. § 511(a).[2] 842 F.Supp. at 413–14. We therefore affirm the district court's dismissal of Hicks' state tort claims for lack of subject matter jurisdiction.

AFFIRMED.

---

2. Section 511(a) provides:
   (a) [t]he Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
   38 U.S.C. § 511(a).

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34–4.