Dale M. WALLIS, Plaintiff—Appellant,

v.

Thomas E. WARRINER, Superior Court Justice; Yolo County Superior Court, a governmental entity; Yolo County, Defendants—Appellees.

No. 01–17187.
D.C. No. CV–00–00574–FCD(DAD).

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

Dale M. Wallis appeals pro se the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that Presiding Superior Court Judge Thomas E. Warriner violated her constitutional rights by withdrawing courtroom facilities in the middle of her jury trial against her former employers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissal for lack of subject matter jurisdiction and dismissal for failure to state a claim, *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995), and we affirm.

Plaintiff's claims against the Superior Court of Yolo County are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that " 'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

Plaintiff's claims against Yolo County are barred because she seeks to hold the County responsible for the acts of its employee, Judge Warriner. The County cannot be held responsible under section 1983 for Judge Warriner's acts. *See Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir.1994) (holding that Orange County could not be held liable under § 1983 for the acts of the presiding judge of a municipal court). Respondeat superior liability is not available under section 1983. *Collins v. City of San Diego*, 841 F.2d 337, 340 (9th Cir.1988) (discussing *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).).

In his official capacity, Judge Warriner is not a "person" subject to suit for money damages under section 1983. *Will*, 491 U.S. at 71, 109 S.Ct. 2304. In terms of prospective injunctive relief regarding the management of Plaintiff's ongoing state lawsuit, the district court properly declined to exercise jurisdiction under the doctrine of *Younger* abstention. *See Green v. City of Tucson*, 255 F.3d 1086, 1091 (9th Cir. 2000) (en banc) (stating conditions warranting *Younger* abstention.).

In his individual capacity, Judge Warriner is absolutely immune from liability resulting from any judicial action. *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000). Courtroom management and trial scheduling are judicial actions warranting absolute immunity. *See In Re Castillo*, 297 F.3d 940, 951 (9th Cir.2001) (noting that docket control measures are judicial actions warranting absolute immunity.).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.