**Patrick R. McMAHON, Plaintiff— Appellant,**

v.

**PIER 39; et al., Defendants—Appellees.**

No. 01–17469.

D.C. No. CV–01–01125–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 16, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Patrick McMahon appeals pro se the district court's judgment dismissing his action for lack of subject matter jurisdiction and for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995), and we affirm.

The district court properly determined that it lacked diversity jurisdiction because McMahon failed to carry his burden of proving complete diversity. *See* 28 U.S.C. § 1332(a)(1); *Kanter v. Warner–Lambert Co.,* 265 F.3d 853, 857–58 (9th Cir.2001). In particular, McMahon, a Nevada citizen, failed to rebut the evidence submitted by defendant Martha McMahon that she also was a citizen of Nevada at the time the complaint was filed. *See id.* at 857 (explaining that for diversity purposes, citizenship is determined by domicile and not residency).

The district court properly determined that McMahon did not state an actionable Clayton Act claim, his only federal cause of action. *See Hicks,* 69 F.3d at 969 (affirming Fed.R.Civ.P. 12(b)(6) dismissal where federal claim failed). The facts McMahon alleged in the amended complaint did not set forth an anti-trust injury as required under Section 4 of the Clayton Act, 15 U.S.C. § 15. *See Pool Water Prods. v. Olin Corp.,* 258 F.3d 1024, 1034 (9th Cir. 2001).

Because the district court properly dismissed McMahon's federal claim, it did not abuse its discretion by declining jurisdiction over the state law claims. *See Sinaloa Lake Owners Ass'n v. City of Simi Valley,* 70 F.3d 1095, 1102–03 (9th Cir. 1995).

In light of our disposition, we do not reach McMahon's contention regarding the Eleventh Amendment immunity defense raised by defendant Bay Conservation & Development Commission in its motion to dismiss the complaint. *See, e.g., Sandy v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1208 n. 7 (9th Cir.2000).

We lack jurisdiction to consider the district court's order denying McMahon's post-dismissal motion to amend the complaint because McMahon failed to file an amended notice of appeal. *See* Fed. R.App. P. 4(a)(4)(B)(ii).

We are unpersuaded by McMahon's contention that Judge Breyer impermissibly reassigned this case to himself upon a finding that it was related to an earlier case pending before him. *See Badea v. Cox,* 931 F.2d 573, 575 (9th Cir.1991) ("District court judges have 'broad discretion' regarding the assignment or reassignment of cases.").

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.