J. Michael **SCHAEFER**, Plaintiff,

v.

**MGM MIRAGE, INC.,** Defendant.

No. CV–S–03–0347–KJD–RJJ.

United States District Court, D. Nevada.

Nov. 17, 2003.

---

Schaefer, J. Michael, Las Vegas, NV, Pro se.

Rodney M. Jean, Lionel, Sawyer & Collins, Paul D. Powell, Lionel, Sawyer & Collins, Las Vegas, NV, for Defendant.

## ORDER

DAWSON, District Judge.

Presently before the Court is Defendant's Motion to Dismiss (# 8). Plaintiff filed a response in opposition (# 9) to which Defendant replied (# 11). The Court has also considered Plaintiff's Motion for Leave to File First Amended Complaint (# 10) which Defendant opposed (# 12).

### I. Background

Plaintiff likes to gamble. Plaintiff also likes to receive "complementaries" ("comps") when he loses substantial sums of money while gambling. However, Plaintiff has ongoing disputes with the management of MGM who denies him the same comps that other casino patrons enjoy. Plaintiff is a shareholder of Defendant. On March 28, 2003, Plaintiff timely presented to Defendant a shareholder proposal ("Proposal") for inclusion in their 2003 annual meeting proxy material. The Proposal essentially asked shareholders to adopt a company policy that patrons either be excluded entirely from a casino's premises or be awarded comps on an equal basis. On January 17, 2003, Defendant issued a statement that it intended to omit the Proposal under 17 C.F.R. § 240.14a–8(i)(4), (7). On March 24, 2003, the Securities & Exchange Commission issued a standard "no-action" letter tacitly approving of MGM's decision not to include the proxy material.

On March 24, 2003, Plaintiff filed the present complaint seeking a temporary restraining order and preliminary injunction preventing Defendant from publishing its proxy material in preparation for its annual meeting in May of 2003. The Court denied Plaintiff's application for a temporary restraining order. Plaintiff's complaint also sought declaratory relief, an issue that is still properly before the Court.

### II. Standard for Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir.1998) (citation omitted). However, a court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in a plaintiff's complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994). There is a strong presumption against dismissing an action for failure to state a claim. *See Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997) (citation omitted). The issue is not whether Plaintiff will ultimately prevail, but whether he may offer evidence in support of his claims. *See id.* at 249 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Consequently, the Court may not grant a Motion to Dismiss for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also, Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995). A claim is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, even if the complaint asserts the wrong legal theory or asks for improper relief. *See United States v. Howell*, 318 F.2d 162, 166 (9th Cir.1963).

### III.  Analysis

Defendant has moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. Pr. 12(b)(6).  Defendant alleges that even if the facts as alleged by Plaintiff in the complaint are true, no cognizable legal theory exists upon which the Court can grant relief to Plaintiff.  The Court agrees.

The federal regulations governing a corporation's responsibility to publish a shareholder proposal in its proxy materials is governed by 17 C.F.R. § 240.14a (2002).  Section 240.14a(i) provides twelve situations in which it is appropriate for a corporation to exclude a proposal.  Paragraph (i)(7) allows the exclusion of proposals that deal "with a matter relating to the company's ordinary business operations."  In 1976, the Securities & Exchange Commission issued a release stating that the ordinary business exclusion available under Rule 14a–8(i)(7) would no longer apply to proposals having "significant policy, economic or other [major] implications."  *Release No. 34–12999* (November 22, 1976).  Plaintiff contends that MGM's denial of comps is a "policy" and not part of the company's ordinary business operations.  However, such a contention is not accompanied by any foundation or legal support.

Everyday, thousands of casino employees make decisions about whether players or customers should receive complementary casino services in order to induce them to gamble longer, or to salve the sting of losing.  Such decisions are clearly ordinary business operations.  Casinos choose whether or not to reward customers in order to keep their business.  MGM has chosen not to continue to induce Plaintiff's continued patronization of their casino.  Such a choice is a day-to-day ordinary business decision not a policy of major

consequence.  Whether a gambler receives a freebie or not has no major social significance justifying inclusion as required under *Release No. 34–12999*.  Therefore, Plaintiff has stated no legal basis showing that MGM's decision not to include his Proposal in the proxy material was inappropriate.  *See Release No. 34–12999* (November 22, 1976).  Therefore, Defendant's Motion to Dismiss (# 8) is granted.

Additionally, the Court has reviewed Plaintiff's proposed amended complaint.  Since the proposed amended complaint does not fix the deficiencies found by the Court, Plaintiff's Motion for Leave (# 10) is denied.

### IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint (# 10) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (# 8) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court shall enter **JUDGMENT** for Defendant;

Finally, IT IS ORDERED that all other outstanding motions are **DENIED** as **MOOT**.