**Stephen W. BOURGEOIS, Jr.,
Plaintiff–Appellant,**

**v.**

**UNITED STATES of America,
Defendant–Appellee.**

**No. 05–56781.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Dec. 12, 2006.

Stephen W. Bourgeois, Jr., San Diego, CA, pro se.

Robert L. Baker, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Defendant–Appellee.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

Stephen W. Bourgeois, Jr. appeals pro se from the district court's orders granting the United States' motion to dismiss and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

denying Bourgeois' motion for reconsideration in his action against Internal Revenue Service employees involved in the collection of his unpaid federal income taxes. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss, *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995), and review for abuse of discretion its denial of a motion to reconsider, *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

■ The district court properly dismissed Bourgeois' claims against the Commissioner of Internal Revenue based on sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (holding that a suit against IRS employees in their official capacity is essentially a suit against the United States and is barred by sovereign immunity).

■ The district court properly dismissed Bourgeois' claims against individual IRS agents for actions taken to collect taxes because Congress has established a comprehensive statutory scheme for seeking redress in federal tax matters. *See 26 U.S.C. § 7433*; *Adams v. Johnson*, 355 F.3d 1179, 1186 (9th Cir.2004) ("Because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, we hold that *Bivens* relief is unavailable for [a] suit against IRS auditors and officials.").

Bourgeois' motion to reconsider argued, *inter alia*, that the federal government has no jurisdiction over him. He supplied an affidavit averring that he is not involved in any income producing activity, he does not live within a federal area over which the Internal Revenue Code has jurisdiction, he is a non-taxpayer, and he is not a person as defined by United States law. The district court did not abuse its discretion in denying Bourgeois' motion to reconsider. *See ACandS, Inc.*, 5 F.3d at 1263.

All pending motions are denied.

**AFFIRMED.**