**Ramnik M. TRIVEDI, Plaintiff–Appellant,**

v.

**UNITED STATES of America; et al., Defendants–Appellees.**

No. 07–55122.

United States Court of Appeals, Ninth Circuit.

ed by Ninth Circuit Rule 36–3.

Submitted March 18, 2009.*

Filed March 26, 2009.

Ramnik M. Trivedi, Thousand Oaks, CA, pro se.

Robert F. Conte, Office of the U.S. Attorney, Los Angeles, CA, David I. Pincus, Esq., Gretchen M. Wolfinger, U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: LEAVY, HAWKINS and TASHIMA, Circuit Judges.

## MEMORANDUM **

Ramnik M. Trivedi appeals pro se from the district court's Order dismissing his action against the United States and employees of the Internal Revenue Service ("IRS") regarding garnishment for the collection of his unpaid federal income taxes for 1992 and 1993. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of a motion to dismiss, *Hicks v. Small,* 69 F.3d 967, 969 (9th Cir.1995), and affirm.

The district court properly dismissed Trivedi's claims against the four individual IRS employees named in his complaint for actions taken to collect taxes from Trivedi. Congress has established a comprehensive statutory scheme for seeking redress in federal tax matters, which Trivedi has not followed. *See* 26 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 7433; *Adams v. Johnson,* 355 F.3d 1179, 1186 (9th Cir.2004) (because the Internal Revenue Code gives taxpayers meaningful protections against government transgressions in tax assessment and collection, taxpayers cannot bring actions against IRS employees for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)).

While the Federal Tort Claims Act (FTCA) provides a limited waiver of sovereign immunity for certain tort claims against the United States, the FTCA expressly provides that no waiver exists for a claim, such as that here, "arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c).

■ We also agree with the district court that Trivedi cannot sue the United States or its employees under 42 U.S.C. § 3001's provisions for protections against elder abuse, because the Act does not create a cause of action against the United States. *See, e.g., Northwest Airlines, Inc. v. Transp. Workers Union,* 451 U.S. 77, 94, 101 S.Ct. 1571, 67 L.Ed.2d 750 (1981) (unless congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy does not exist).

■ Trivedi also contends that the district court erred by denying his motion for a default judgment against the United States because defendants did not answer or respond within 60 days of receiving his complaint. The record reflects that the United States was not properly served with the summons and complaint, and therefore, could not be held in default. *See Direct Mail Specialists Inc. v. Eclat*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

*Computerized Tech.,* 840 F.2d 685, 688 (9th Cir.1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been properly served under Fed.R.Civ.P. 4.").

Accordingly, the district court is

**AFFIRMED.**