RICKY MCCLURKIN BEY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Bey v. Comm'r
Docket No. 3469-13
United States Tax Court
2014 U.S. Tax Ct. LEXIS 26; March 11, 2014, Entered
*26 William John Gregg, Respondent, Pro se, Washington, DC.
Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER OF DISMISSAL AND DECISION
This case for the redetermination of a deficiency is before the Court on respondent's Motion to Dismiss for Failure to State a Claim upon which Relief Can Be Granted, filed April 2, 2013. A hearing was conducted on respondent's motion in Washington, D.C., on August 7, 2013. Counsel for respondent appeared and argued in support of the motion. There was no appearance by or on behalf of petitioner. Subsequent to the hearing, and in response to a request by the Court, respondent's motion was supplemented on March 7, 2014.
In a notice of deficiency dated November 13, 2012 (notice), a copy of which is attached to the petition, respondent determined a deficiency in petitioner's 2011 Federal income tax. Nothing contained in the petition remotely suggests that respondent erred in any manner with respect to any of the adjustments or determinations made in the notice. By Order dated April 16, 2013, petitioner was directed to file (1) an objection, if any, to respondent's motion, and (2) an amended petition that complied with Rule 34(b).[1] Petitioner did not respond to *27 the Order and did not avail himself of the opportunity to cure the defective petition.
Giving due regard to the statements contained in respondent's motion, as supplemented, and giving petitioner not only the benefit of every doubt as we are required to do at this stage of the proceeding, see Hicks v. Small, 69 F.3d 967, 969 (9th Cir. 1995), but wide pleading latitude as a pro se litigant, see Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), we find that the petition fails to raise any justiciable issue, see Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); White v. Commissioner, T.C. Memo. 1997-459; see also Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Consistent with Rand v. Commissioner, 141 T.C. 12 (Nov. 18, 2013), however, the section 6662(a) penalty imposed in the notice must be reduced.
Premises considered, it is
ORDERED that respondent's motion, as supplemented, is granted, and this case is dismissed on the stated ground. It is further
ORDERED AND DECIDED: That for 2011, there is a $6,041 deficiency in petitioner's Federal income tax, and
that petitioner is liable for a $22.80 section 6662(a) penalty.
(Signed) Lewis R. Carluzzo
Special Trial Judge
ENTERED: MAR 11 2014
Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code of 1986, as amended.↩