FILED

NOT FOR PUBLICATION

MAR 30 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM SCHEIDLER,

Plaintiff - Appellant,

v.

JAMES AVERY, individually and in his
official capacity as Kitsap County's
Assessor; et al.,

Defendants - Appellees.

No. 13-35119

D.C. No. 3:12-cv-05996-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

William Scheidler appeals pro se from the district court's judgment

dismissing his action arising from the denial of a property tax exemption.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument and therefore denies Scheidler's request for oral argument,
set forth in his opening brief.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)). We affirm in part, reverse in part, and remand.

The district court properly determined that Scheidler is not entitled to relief under the federal criminal statutes he cited. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 provide no basis for civil liability).

The district court also properly determined that Scheidler's first amended complaint failed to state a federal constitutional claim, or a state criminal or constitutional claim, upon which relief could be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (internal citations and quotation marks omitted)).

However, the district court abused its discretion in dismissing the first amended complaint without leave to amend. *See U.S. v. Corinthian Colleges*, 655 F.3d 984, 995 ("[D]ismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." (internal citation and quotation marks omitted)). *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint unless it is absolutely clear that the deficiencies of the complaint could not be

13-35119

cured by amendment." (citation and internal quotation marks omitted)).  We therefore reverse and remand to allow Scheidler an opportunity to amend his complaint.

Moreover, the district court did not address the merits of Scheidler's petition for review of the Board of Tax Appeal's September 6, 2012 decision, which Scheidler incorporated by reference into his amended complaint.  Nor did the district court decline to exercise supplemental jurisdiction.  *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 168-69 (1997) (supplemental jurisdiction under 28 U.S.C. § 1367 extends to review of state administrative agency determinations).  We therefore reverse and remand for review of the agency decision.

The district court properly denied Scheidler's motion to remand because Scheidler's complaint alleged federal causes of action over which the district court had original jurisdiction, and the notice of removal was timely.  *See* 28 U.S.C. §§ 1441, 1443, 1446; *Hawaii ex. rel. Louis v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (standard of review).

The district court did not abuse its discretion by denying Scheidler's motion for appointment of counsel because he failed to demonstrate exceptional circumstances.  *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting

13-35119

forth standard of review and discussing the "exceptional circumstances" requirement).

The district court did not abuse its discretion in denying Scheidler's motion for recusal of the district court judge because Scheidler failed to identify a ground for recusal. *See* 28 U.S.C. §§ 144, 455; *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008) (standard of review).

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**