Jennifer Lynn Coon, Attorney, Law Office of Jennifer L. Coon, San Diego, CA, for Defendant-Appellant

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

MEMORANDUM **

Pedro M. Castillo appeals from the district court's judgment and challenges the 11-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castillo contends that the district court procedurally erred by failing to consider his arguments and the sentencing factors, and by failing to explain the sentence adequately. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record reflects that the district court considered Castillo's arguments and the 18 U.S.C. § 3583(e) sentencing factors, and sufficiently explained its determination that a high-end sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Castillo next contends that the sentence is substantively unreasonable. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 11-month sentence is substantively reasonable in light of the sentencing factors and the totality of the circumstances, including Castillo's multiple breaches of the court's trust. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586; *United States v. Simtob*, 485 F.3d 1058, 1062-63 (9th Cir. 2007).

Finally, Castillo contends that the imposition of a custodial sentence upon revocation of supervised release violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As he concedes, this claim is foreclosed. *See United States v. Santana*, 526 F.3d 1257, 1262 (9th Cir. 2008).

**AFFIRMED.**

**LYCURGAN, INC., DBA Ares Armor, a California corporation, Plaintiff-Appellant,**

v.

**Todd JONES, in his official official capacity as Director of the Bureau of Alcohol, Tobacco, and Firearms Enforcement, Defendant-Appellee.**

No. 16-55341

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2017 Pasadena, California

Filed April 19, 2017

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Scott A. McMillan, Michelle D. Volk, The McMillan Law Firm, A.P.C., La Mesa, CA, for Plaintiff-Appellant

Daniel Everett Butcher, Esquire, Assistant U.S. Attorney, Office of the US Attorney, San Diego, CA, for Defendant-Appellee

Before: M. SMITH and N.R. SMITH, Circuit Judges, and FEINERMAN, District Judge.*

## MEMORANDUM **

In this action, Plaintiff-Appellant Lycurgan, Inc. (Lycurgan) seeks injunctive relief ordering Defendant-Appellee Todd Jones—the director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)—to return eighteen "EP80 lower receivers" that allegedly went missing after the government seized Lycurgan's property during the execution of a criminal search warrant. The district court dismissed Lycurgan's complaint for lack of subject matter jurisdiction. We review that decision *de novo. Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Lycurgan's complaint for injunctive relief is moot. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133 S.Ct. 721, 726, 184 L.Ed.2d 553 (2013) (quoting *Murphy*

*v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam)). "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quotation marks omitted).

Here, Lycurgan seeks an order "command[ing] Defendant to release the 18 unreturned [EP80 lower receivers] forthwith and without delay." However, the ATF is not asserting any legal right to retain Lycurgan's property, and Lycurgan concedes that the "missing" lower receivers are not in the government's possession. *See* Blue Br. 42 ("[T]he ATF allowed the loss or the theft of 18 of Lycurgan's [EP80 lower receivers]."); Grey Br. 13 ("Lycurgan has suffered a deprivation of its property, and that property is somewhere. The 18 EP80 receivers have either been stolen, destroyed, or transferred...."). Given that the only live issue concerns whether a counting error occurred (as ATF believes) or whether the missing EP80s were lost or stolen (as Lycurgan believes), the case is moot. This court is not capable of granting any effective relief because Lycurgan seeks an injunction ordering the return of property that it recognizes the government does not possess. *See Already*, 133 S.Ct. at 727 ("No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." (internal quotation marks omitted)).

Lycurgan's argument that mootness is intertwined with the merits of this action is not correct. "[J]urisdiction and the merits of an action are intertwined where a stat-

---

* The Honorable Gary Feinerman, District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

ute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted). In *Safe Air*, for instance, "the Growers challenged Safe Air's contention that grass residue constitutes solid waste under [the Resource Conservation and Recovery Act]." *Id.* The issues were intertwined because, if grass residue counted as solid waste, then not only did the court have subject matter jurisdiction to hear Safe Air's substantive claim, but the Growers were liable under the statute. *Id.* at 1037-41. Here, the issues are not comparably intertwined. The jurisdictional question of whether the court is capable of granting the relief Lycurgan requests does not depend on resolving the only factual question genuinely in dispute—whether the missing receivers were lost or are missing only because there was a miscount. As a consequence, Lycurgan's request for injunctive relief has been rendered moot.[1]

**AFFIRMED.**

---

1. Given these circumstances, we decline to reach the remainder of Lycurgan's arguments. In addition, Lycurgan's motion to file a late brief is granted, Dkt. No. 36, and its motion to extend the time to file its reply is denied as moot, Dkt. No. 31. Lycurgan's two motions for judicial notice are denied. *See* Dkt. Nos. 15, 37.

