**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM SCHEIDLER, | No. 17-35202 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-06016-BHS |
| v. | |
| STATE OF WASHINGTON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 18, 2017[**]

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

William Scheidler appeals pro se from the district court's judgment

dismissing with prejudice his 42 U.S.C. § 1983 action alleging claims related to his

2010 property tax assessment. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal for failure to state a claim under Fed. R. Civ. P.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

12(b)(6). *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995). We affirm.

The district court properly dismissed Scheidler's action because Scheidler failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation and internal quotation marks omitted)); *see also Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998) (state legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities); *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) (explaining that "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities").

The district court did not abuse its discretion in taxing costs against Scheidler because the requested costs are allowable. *See* 28 U.S.C. § 1920(1) (permitting court to include fees of the clerk as costs).

We reject as meritless Scheidler's contentions that federal pleading standards are inapplicable, that the district judge was biased, and that the removal

of his complaint from the state court was improper.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions or requests are denied.

**AFFIRMED.**