NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP ROBERTS CHATMAN, Jr., | No. 20-55611 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-03692-CJC-GJS |
| v. | MEMORANDUM[*] |
| UNITED STATES DEPARTMENT OF THE NAVY; U.S. DEPARTMENT OF VETERANS AFFAIRS, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Chatman's motion for in forma pauperis status (Docket Entry No. 2) is

granted. The Clerk will amend the docket to reflect this status. The Clerk will file

the Opening Brief at Docket Entry No. 3.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Philip Roberts Chatman, Jr. appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging claims arising out of his military service. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Jackson v. Tate*, 648 F.3d 729, 732 (9th Cir. 2011) (dismissal under the *Feres* doctrine); *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995) (dismissal for lack of subject matter jurisdiction). We affirm.

The district court properly dismissed Chatman's § 1983 claims because defendants are not state actors. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must . . . show that the alleged deprivation was committed by a person acting under color of state law."); *Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) (federal government actors cannot be liable under § 1983).

The district court properly dismissed for lack of jurisdiction under the Veterans' Judicial Review Act ("VJRA") Chatman's claims alleging a denial of benefits and negligence. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc) (the VJRA precludes district court jurisdiction over claims relating to or affecting the provision of benefits to veterans).

To the extent that Chatman's tort claims are related to his military service,

the district court properly dismissed these claims as barred by the *Feres* doctrine because Chatman's alleged injuries arose in the course of activity incident to military service. *See United States v. Johnson*, 481 U.S. 681, 686-88 (1987) ("[T]he *Feres* doctrine has been applied to consistently bar all suits on behalf of service members against the Government based upon service-related injuries.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions, other than the motion for in forma pauperis status, are denied.

**AFFIRMED.**